IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 22-mj-270-AAQ |
| | : |
| RODLEY BALTHAZAR, | : |
| | : |
| Defendant | : |

## DEFENDANT RODLEY BALTHAZAR'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The Defendant, Rodley Balthazar ("Mr. Balthazar"), by and through his counsel, Michael E. Lawlor, Adam C. Demetriou, and Brennan, McKenna & Lawlor, Chtd., respectfully submits this Response in Opposition to the Government's Motion for Pretrial Detention. In support of this response, counsel state as follows:

1.  On February 18, 2022, Mr. Balthazar was charged by way of a sealed Criminal Complaint with Conspiracy to Commit Knowing Transportation of Stolen Vehicles, in violation of 18 U.S.C. §§ 371 and 2312. (Criminal Complaint, ECF No. 1; Aff. in Support of Criminal Complaint, ECF No. 1-1.) The conduct alleged in the Affidavit in support of the Complaint dates back to September and October 2019, more than three years prior to today's date.

2.  On December 16, 2022, Mr. Balthazar appeared in the United States District Court for the Middle District of Tennessee before United States Magistrate

Judge Jeffrey S. Frensley for an appearance on those charges. At that hearing, Mr. Balthazar waived his rights to "an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing" and requested that his detention hearing be held in the United States District Court for the District of Maryland. Waiver of Rule 5 & 5.1 Hearings, *United States v. Balthazar*, No. 3:22-mj-2364 (M.D. Tenn. Dec. 16, 2022), ECF No. 6.

3. On January 18, 2023, Mr. Balthazar came before this Court for an Initial Appearance. Hours before that hearing, the undersigned counsel were asked to represent Mr. Balthazar pursuant the Criminal Justice Act. (CJA 23 Financial Affidavit, ECF No. 8.) At the Initial Appearance, the Government indicated that it would be seeking Mr. Balthazar's detention on the basis of risk of flight and requested that this Court temporarily detain Mr. Balthazar for three days before holding a detention hearing. *See* 18 U.S.C. § 3142(f)(2)(B). This Court granted that request without making any finding that this case involved a serious risk of flight. (Order of Temporary Detention, ECF No. 10.) Mr. Balthazar's detention hearing is set for Monday, January 23, 2023. This Court ordered that the parties submit memoranda on the question of Mr. Balthazar's release or detention in advance of the hearing. The Government filed its Memorandum, supported by 10 exhibits, on Friday, January 20, 2023.

4. At the Initial Appearance, this Court indicated that it did not need the parties to restate the contents 18 U.S.C. § 3142, which governs pretrial release or detention in federal criminal matters. Accordingly, Mr. Balthazar will focus on what the Bail Reform Act does not say with respect to this case.

5. As an initial matter, Mr. Balthazar objects to holding a detention hearing in this matter and requests his immediate release. The Government is not entitled to a detention hearing on the mere basis that a defendant is facing criminal charges. On the contrary, 18 U.S.C. § 3142(f)(1) describes the narrow class of cases in which holding a detention hearing is proper. "Absent one of these circumstances, detention is not an option." *United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999); *see also United States v. Friedman*, 837 F.2d 48, 50 (2d Cir. 1988).

6. The charges at issue in this case do not fall into of the categories enumerated in § 3142(f)(1). This alleged offense is not "a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed." 18 U.S.C. § 3142(f)(1)(A). The alleged offense is not "an offense for which the maximum sentence is life imprisonment or death." 18 U.S.C. § 3142(f)(1)(B). The alleged offense is not an offense punishable by imprisonment of 10 years or more under the Controlled Substances Act. 18 U.S.C. § 3142(f)(1)(C). Mr. Balthazar has not been convicted of two or more offenses described in 18 U.S.C. §§ 3142(f)(1)(A) through

(C). Nor does the alleged offense involve a minor victim or the possession of a firearm or any other weapon or failure to register under 18 U.S.C. § 2250. Moreover, this Court has made *no finding* that this case involves a "serious risk" that Mr. Balthazar would flee or obstruct justice. 18 U.S.C. § 3142(f)(2)(B). *Cf. United States v. Bilbrough*, 452 F. Supp. 3d 264, 266 (D. Md. 2020) (concluding that holding a detention hearing was appropriate where the magistrate judge determined at the initial appearance that the defendant posed a serious risk of flight); *but see United States v. White*, No. 3:21-MJ-04070, 2021 WL 2155441, at *7 (M.D. Tenn. May 27, 2021) (holding that "a court may not find that a case involves a serious risk of flight just because the Government claims it does, but rather must make its own determination on the issue"). Indeed, this Court could not have made such a finding. As discussed below, the Government's proffer at the Initial Appearance as to risk of flight was fundamentally flawed because Mr. Balthazar has no pattern of willfully failing to appear for court. Accordingly, Mr. Balthazar is currently illegally detained and should be released forthwith.

7.  Nevertheless, even if this Court were to determine that holding a detention hearing is proper under the statute, the factors found at 18 U.S.C. § 3142(g) support pretrial release for Mr. Balthazar.

8.  It is worth noting that Congress has commanded that "nothing in [the Bail Reform Act] shall be construed as modifying or limiting the presumption of

innocence." 18 U.S.C. § 3142(j). As the Supreme Court has recognized, "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Unless this Court finds by a preponderance of the evidence that no conditions of release can guarantee Mr. Balthazar's appearance in court as required, this Court must release him pending this trial. *See United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).

9. Rodley Balthazar is 29 years old. He was born in Haiti and has been a resident of the United States since 2004. His passport is expired. He graduated from Laurel High School in 2011 and went on to attend college. Mr. Balthazar's father David and brother Davidson live in the greater-Washington area. Mr. Balthazar is single with no children. He suffers from mental health ailments for which he desires treatment. He also struggles with substance abuse. He has no convictions for crimes of violence. He is indigent and has been appointed counsel by this Court.

10. Regrettably, undersigned counsel are not in a position to be able to rebut the factual assertions in the Government's detention memorandum. The undersigned were appointed to this case on Wednesday, January 18, 2023. The Government filed its memorandum on Friday, January 20, 2023. Mr. Balthazar is detained at the Chesapeake Detention Facility. There is simply no way for Mr. Balthazar to be able to challenge much of what the Government has recited in its 18-page memorandum

without time for a thorough review of the forthcoming discovery and time to meet as a defense team. Nonetheless, the Government's view of the weight of its evidence against Mr. Balthazar poses no barrier to release. *See, e.g.*, *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (finding the weight of the evidence factor to be the least important of the § 3142(g) factors).

11. At the Initial Appearance, the Government proffered that Mr. Balthazar has a history of failing to appear for court. After the hearing, the Government acknowledged by email to defense counsel that at the time of one of the supposed FTAs, Mr. Balthazar was incarcerated on charges in Tennessee. With respect to the other FTA, according to booking information provided by the Government, Mr. Balthazar was released from the Somerset County, Pennsylvania jail at 6:43 pm on February 21, 2022. *See* Ex. A. He had a court appearance scheduled for the next morning 150 miles away in York County, Pennsylvania. He did not appear for that hearing. This single incident cannot form the basis of a conclusion that Mr. Balthazar is likely to flee from these charges. First, it is likely that Mr. Balthazar did not know of the York County hearing date. The docket of the York County case supports this inference. *See* Ex B, Docket of *Commonwealth v. Balthazar*, No. CP-67-CR-0004600-2021 (Court of Common Pleas of York Cnty.). The docket in that case reflects that a hearing notice was issued on December 21, 2021. That notice was returned to the Court with no forwarding address on January 24, 2022. A second

notice was issued only on February 17, 2022. Mr. Balthazar was detained in Somerset County from February 7, 2022 through the evening of February 21, 2022. *See* Ex. A. Second, even if there were any way to conclude that Mr. Balthazar knew of the February 22 hearing, Mr. Balthazar was released from jail just the evening prior in a jurisdiction several hours away from where he was to attend court the next morning. The Government's failure to lodge its detainer before Mr. Balthazar's release on the evening of February 21, 2022 should not be held against him.

12. Moreover, the Government represents that despite its best efforts at surveillance, it could not locate Mr. Balthazar from February 22, 2022 until his arrest in Tennessee in June 2022. A defendant facing *sealed* criminal charges in federal court is under no obligation to make himself an available target for Government surveillance. Mr. Balthazar should not remain detained in this case simply because Government agents failed in their efforts to find him before these charges were ever made public.

13. This Court can set conditions of release to ensure Mr. Balthazar's appearance in Court. First, Mr. Balthazar recognizes that he has a substance abuse problem and he yearns for treatment. He respectfully requests that he be released to an intensive inpatient treatment facility. Second, Mr. Balthazar has identified a suitable third-party custodian in his brother, Davidson Balthazar. Mr. Davidson Balthazar maintains steady employment at a dollar store and resides in an apartment

in Glen Burnie, Maryland. The Government accuses Mr. Davidson Balthazar of having engaged in criminal conduct. These accusations have never been adjudicated in a court of law and are not the subject of any pending charges. In fact, according to the Pretrial Services Report, Mr. Davidson Balthazar has no criminal convictions. Strict conditions of pretrial release will ensure Mr. Balthazar's appearance as required.

14. The Bail Reform Act does not contemplate pretrial detention merely because a defendant is poor. It does not contemplate detention merely because a defendant does not have a traditional family unit that meets the standards of federal prosecutors. It does not contemplate detention merely because a defendant happened to be born outside of the United States. And it does not contemplate detention merely because federal agents could not locate a defendant who was facing sealed charges. The Government has not made a showing that Mr. Balthazar represents a serious risk of flight. He should not be detained pending resolution of the nonviolent charge at issue in this case. The Government's motion should be denied.

Respectfully submitted,

s/_____
Michael E. Lawlor
Adam C. Demetriou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane
Suite 700
Greenbelt, Maryland  20770
301-474-0044

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 22, 2023, a copy of the foregoing was sent to the United States Attorney's Office for the District of Maryland, via ECF.

                                      s/_____
                                      Michael E. Lawlor